OPINION
Defendant, Samuel Snyder, entered pleas of guilty to four counts of Rape on February 22, 2000. The trial court accepted his pleas on the same date and entered judgments of conviction. Snyder was sentenced to serve four consecutive terms of imprisonment on April 10, 2000. The four terms total twenty-four years.
Snyder filed a timely notice of appeal from his conviction and sentence. The appeal was docketed as Case No. 2000CA33. While his appeal was pending, Snyder asked us to remand the case to the trial court to rule on a motion that he had filed in the trial court. That motion was captioned: "Petition To Vacate And/Or Set Aside Sentence; Motion For New Trial; Motion To Set Aside Guilty Plea And For Such Other Appropriate And Further Relief." We granted Defendant-Appellant's motion, and on December 7, 2000 remanded the case to the trial court pursuant to App.R. 27 for that court to decide Defendant's petition.
The trial court denied Defendant's petition on May 11, 2001, without a hearing. Snyder filed a notice of appeal from that order. The appeal was docketed as case number 2001CA36. We have since dismissed that appeal on a finding that the trial court's failure to make the findings of fact and conclusions of law that R.C. 2953.21(C) requires rendered its May 11, 2001 order non-final, at least for purposes of the post-conviction relief prong of Defendant's petition. See State v. Snyder (Oct. 12, 2001), Clark App. No. 01CA36, unreported. That matter remains before the trial court for findings.
After the trial court's order of May 11, 2001, was filed, Defendant-Appellant also filed his merit brief in this matter. He presents a single assignment of error, which states:
 ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED REVERSIBLE AND PREJUDICIAL ERROR IN FAILING TO ACCORD THE APPELLANT A HEARING ON HIS PETITION TO VACATE AND/OR SET ASIDE SENTENCE, MOTION FOR NEW TRIAL, MOTION TO SET ASIDE GUILTY PLEA AND FOR SUCH OTHER APPROPRIATE AND FURTHER RELIEF ON MAY 11, 2001, WITHOUT A HEARING AND WITHOUT MAKING FINDINGS OF FACT AND CONCLUSIONS OF LAW WHICH ARE REQUIRED UNDER § 2953.21 ET SEQ. O.R.C.
To the extent that it concerns the prong of Defendant's motion seeking post-conviction relief, this assignment for error is rendered moot by our decision in case number 2001CA36. That matter remains pending before the trial court for findings and conclusions concerning the grounds presented. When those are filed, and if the trial court denies Defendant's petition, he may seek appellate review of the trial court's judgment., Defendant-Appellant's petition also invoked Crim.R. 32.1, which permits a trial court to vacate a guilty plea after sentence has been imposed "to correct manifest injustice." Id. The burden to plead and prove a manifest injustice is on the defendant who seeks to vacate his plea. State v.Smith (1977), 49 Ohio St.2d 261.
 The term injustice is defined as "the withholding or denial of justice. In law, the term is almost invariably applied to the act, fault, or omission of a court, as distinguished from that of an individual." Black's Law Dictionary, 5th Ed. A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.
State v. Hartzell (August 20, 1999), Montgomery App. No. 17499, unreported, at pp. 4-5.
Defendant-Appellant's petition set out twelve grounds in support of his motion to vacate his plea. They include claims of his incompetency, misconduct on the part of the prosecutor, and ineffective assistance of counsel. The first two claims are cognizable in a petition for post-conviction relief. Therefore, they are matters which remain before the trial court for determination pursuant to our decision in case no 2001CA36. Because redress of the causes involved is available to Defendant in that case, we decline to also address those claims here.
Ineffective assistance of counsel is cognizable as grounds for relief in support of a Crim.R. 32.1 motion. State v. Talley (Jan. 30, 1998), Montgomery App. No. 16479, unreported. However, a movant must offer more than his own self-serving statements to overcome the presumption of regularity. Id. Defendant-Appellant has not offered such evidence here. Therefore, the trial court did not err when it denied his Crim.R. 32.1 motion without a hearing., Defendant-Appellant's motion also invoked Crim.R. 33(A), which permits a court to order a new trial on the defendant's motion for any one of six causes. Except for claims of newly-discovered evidence, the motion must be filed within fourteen days after the verdict was rendered. Crim.R. 33(B)., Defendant-Appellant's motion failed to satisfy the time requirement of Crim.R. 33(A), and it presented no evidence that was newly discovered. Indeed, because he waived his right to trial, Defendant-Appellant implicitly waived his right to file a motion for a new trial. Further, the trial court was not required to issue findings of fact when it denied the motion. State ex rel.Collins v. Pokorny (1999), 86 Ohio St.3d 70.
The assignment of error is overruled. Except to the extent that they involved Defendant-Appellant's petition for post-conviction relief, the trial court's judgments of April 10, 2000 and May 11, 2001, will be affirmed.
WOLFF, P.J. and FAIN, J., concur.